1  Tanya L. Forsheit, Bar No. 192472
   *tforsheit@bakerlaw.com*
2  Daniel M. Goldberg, Bar No. 280718
   *dgoldberg@bakerlaw.com*
3  **BAKER & HOSTETLER LLP**
   11601 Wilshire Boulevard, Suite 1400
4  Los Angeles, CA  90025-0509
   Telephone:  310.820.8800
5  Facsimile:   310.820.8859

6  Paul Karlsgodt*
   *pkarlsgodt@bakerlaw.com*
7  Casie Collignon*
   *ccollignon@bakerlaw.com*
8  **BAKER & HOSTETLER LLP**
   1801 California Street, Suite 4400
9  Denver, CO 80202-2662
   Telephone:  303.861.0600
10 Facsimile:   303.861.7805

11 *Pro hac vice application to be filed*

12 Attorneys for Defendants
   Sprouts Farmers Market, Inc. and SFM, LLC
13 (erroneously named as "FM, LLC")

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY PORRAS and LETICIA STOCKS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPROUTS FARMERS MARKET, INC.; FM, LLC; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 5:16-cv-1005<br><br>**NOTICE OF REMOVAL OF DEFENDANTS SPROUTS FARMERS MARKET, INC. AND SFM, LLC UNDER CLASS ACTION FAIRNESS ACT OF 2005**<br><br>[Filed concurrently with Notice of Related Cases; and Certificate of Interested Parties] |

1


Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendants SPROUTS FARMERS MARKET, INC. and SFM, LLC (erroneously named as "FM, LLC") (collectively, "Defendants") remove this case from the Superior Court of the State of California, County of Riverside, where it was originally filed, to the United States District Court for the Central District of California. The United States District Court for the Central District of California is the district and division embracing the place where this action was originally filed, thus satisfying the requirement of 28. U.S.C. § 1441(a). As grounds for this removal, Defendants state as follows:

## I.  BACKGROUND

On April 25, 2016, Plaintiffs filed their Complaint in this putative class action against Defendants in the Superior Court of the State of California, County of Riverside, Case Number RIC1604929. They filed a First Amended Complaint on April 27, 2016. A true and correct copy of the entire state court file, including all pleadings, process, and orders served on or received by the Defendants, is attached to this Notice of Removal as Exhibit A.

Plaintiffs allege that Plaintiffs and the Class members' "personal or financial information, including but not limited to their full names, social security numbers, addresses, wages, and tax withholdings ("Personal and Financial Information") was compromised as a result of the data breach disclosed by Defendants in March of 2016 ("Data Breach")." First Amended Complaint ("FAC") ¶ 1. Plaintiffs seek "actual damages, statutory damages, equitable relief, interest, attorney's fees, costs and expenses and penalties." Id. ¶ 3.

Plaintiffs seek to certify a class defined as:

> All current and former employees of Defendants in the State of California whose personal or financial information was compromised as a result of the data breach disclosed by Defendants in March of 2016.

*Id.* ¶ 20.

Plaintiffs, individually and on behalf of the class, purport to state claims for negligence (Count I), breach of implied contract (Count II), invasion of privacy by public disclosure of private facts (Count III), breach of confidentiality (Count IV), unjust enrichment (Count V), violation of the California Customer Records Act (Count VI), and violation of the California Unfair Competition Law (Count VII).

## II. GROUNDS FOR REMOVAL

### A. Removal is Timely.

Defendants were formally served with the Complaint on May 4, 2016 and the First Amended Complaint on May 5, 2016. *See* Summons, attached as Exhibit A. Because Defendants filed this Notice of Removal within thirty days of receipt of the Complaint through service or otherwise, the Notice of Removal is timely under 28 U.S.C. § 1446(b). *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (time period for removal begins when the defendant is served).

### B. This Court Has Original Jurisdiction Under CAFA.

This Court has jurisdiction of this civil action pursuant to the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2, codified in part as 28 U.S.C. § 1332(d). Under CAFA, any putative class action commenced on or after February 18, 2005, may be removed when:

a. The suit involves a class action filed under Federal Rule 23 or a similar state statute;

b. Any "class member" is a citizen of a state different from any defendant;

c. The class members' claims, in aggregate, exceed the sum or value of $5,000,000[1] exclusive of interest and costs; and

---

[1] The amounts set forth in this Notice of Removal are solely for purposes of establishing that the amount in controversy exceeds the $5,000,000 threshold and are not intended and cannot be construed as an admission that Plaintiff can state a claim or is entitled to damages in any amount. Defendants deny liability, deny Plaintiff is entitled to recover any amount, and deny that a class can be properly certified in this matter.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

        d.  The number of members of the proposed class exceeds 100.

28 U.S.C. § 1332(d)(1)(B), (d)(2), (d)(2)(A), (d)(2)(C), & (d)(5)(B).

### C.     This Case Involves a "Class Action" As Defined By CAFA.

CAFA defines a "class action" as:

> any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action.

28 U.S.C. § 1332 (d)(1)(B).

Plaintiffs seek class certification under California law pursuant to Cal. Civ. Pro. §382. FAC ¶ 18. Section 382 is similar to Federal Rule of Civil Procedure 23. *See Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1121 (9th Cir. 2014). Thus, the first CAFA requirement is satisfied.

### D.     Minimal Diversity Exists.

CAFA does not require complete diversity, but rather minimal diversity, which may be established when "[a]ny member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

Plaintiffs seek to represent a class of Defendants' employees who were or are engaged in California. FAC ¶ 12. Defendants include a Delaware corporation (Sprouts Farmers Market, Inc.) and a Delaware limited liability company (SFM, LLC), both with their principal places of business in Arizona. Thus, minimal diversity exists because at least one plaintiff and at least one defendant are citizens of different states.  *See* 28 U.S.C. § 1332(d)(2)(A); *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 680 (9th Cir. 2006) ("One way to satisfy minimal diversity is by demonstrating that any member of a class of plaintiffs is ... a citizen or subject of a foreign state and any defendant is a citizen of a State.") (internal citations omitted).

### E. The Amount in Controversy Exceeds the CAFA Threshold.

CAFA requires that a complaint put in controversy more than $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). Importantly, CAFA requires claim aggregation when determining the amount put at issue by a complaint:

> In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

28 U.S.C. § 1332(d)(6).

Where a complaint does not specify the amount of damages sought, as is the case with Plaintiffs' First Amended Complaint, the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount-in-controversy is satisfied. 28 U.S.C.A. § 1446(c)(2)(B). The Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" to meet this threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

Plaintiffs' putative class action easily puts more than the requisite $5,000,000 at issue in this case. Plaintiffs seek to represent Sprouts Farmers Market current and former California employees affected by the Data Breach. FAC ¶ 20. There were 8,719 California current and former employees affected by the Data Breach. If Plaintiffs allege more than five hundred and seventy four dollars worth of damages on behalf of each putative class member, the jurisdictional amount is satisfied. Plaintiffs' First Amended Complaint plainly shows that they do.

Plaintiffs seek damages for themselves and the class members for damage to their credit scores and credit reports, heightened risk of identity theft, and time and expense from the Data Breach. *Id*. ¶ 58. These damages plausibly aggregate to exceed $5,000,000. *See* 28 U.S.C. § 1332(d)(6). For instance, the three main

national credit-reporting agencies, Equifax, TransUnion, and Experian, advertise monthly rates for credit-monitoring services ranging from $14.95 to $19.95 per person. Similarly, Experian offers an identity-theft protection product that includes $1,000,000 worth of identity-theft insurance for $15.95 per month per person. Multiplying just the cost of providing three years of credit-monitoring services at $15.95 by the number of affected individuals puts more than $5,000,000 in controversy.

Moreover, Plaintiffs' First Amended Complaint seeks attorneys' fees. FAC, Prayer for Relief ¶ 9. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 942–43 (9th Cir.2001) (finding that attorneys' fees are properly included in the amount in controversy in a class action). These attorneys' fees in conjunction with the other stated damages plausibly aggregate to more than $5,000,000.

Accordingly, more than the $5,000,000 amount in controversy required under CAFA, 28 U.S.C. § 1332(d)(2), is at issue here.

### F. The Putative Class Includes at Least 100 Members.

CAFA's expanded jurisdiction applies to class actions comprised of one hundred (100) or more class members. *See* 28 U.S.C. § 1332(d)(5)(B). The class is greater than one hundred (100) individuals. FAC ¶ 24. Thus, CAFA applies here. *See* 28 U.S.C. § 1332(d)(5)(B).

### G. No Prior Application.

No prior application has been made for the relief requested herein. Defendants respectfully request an opportunity to brief and argue before the Court any issue or question concerning the removal of this case in the event Plaintiffs seeks remand or the Court otherwise visits the issue.[2]

---

[2] Nothing in this Notice of Removal shall be interpreted as substantially invoking the litigation process or as a waiver or relinquishment of Defendants' right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) insufficiency of process; (3) insufficiency of service of process; (4) improper joinder of claims and/or parties; (5) failure to state a claim; (6) the mandatory arbitrability of some or all of the claims; (7) failure to join indispensable parties; or (8) any other pertinent defense available under Fed. R. Civ. P. 8 and 12, any state or federal statute, or otherwise.

## III. CONCLUSION

For all of the foregoing reasons, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) and this case should be removed pursuant to 28 U.S.C. §§ 1441 & 1453.

Dated: May 16, 2016

Respectfully submitted,

BAKER & HOSTETLER LLP

By: */s/Tanya L. Forsheit*
Tanya L. Forsheit
Daniel M. Goldberg

Attorneys for Defendant
Sprouts Farmers Market, Inc. and SFM, LLC
(erroneously named as "FM, LLC")

# **PROOF OF SERVICE**

I, Priscilla Markus, declare:

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA 90025-0509. On May 17, 2016 I served a copy of the within document(s):

**NOTICE OF REMOVAL OF DEFENDANTS SPROUTS FARMERS MARKET, INC. AND SFM, LLC UNDER CLASS ACTION FAIRNESS ACT OF 2005**

☑ **BY U.S. MAIL.** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

**SEE ATTACHED SERVICE LIST**

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose discretion the service as made, and I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 17, 2016, at Los Angeles, California.

_____
Priscilla Markus

## SERVICE LIST

| | |
|---|---|
| SAMUEL A. WONG<br>KASHIF HAQUE<br>JESSICA L. CAMPBELL<br>**AEGIS LAW FIRM, PC**<br>9811 Irvine Center Drive, Suite 100<br>Irvine, California 92618<br>Telephone: (949) 379-6250<br>Facsimile: (949) 379-6251 | *Attorneys for Plaintiffs Beverly Porras and Leticia Stocks, individually and on behalf of all others similarly situated* |
| Scott B. Cooper<br>Samantha A. Smith<br>**THE COOPER LAW FIRM, P.C.**<br>4000 Barranca Parkway, Suite 250<br>Irvine, California 92604<br>Telephone: (949) 724-9200<br>Facsimile: (949) 724-9255 | *Attorneys for Plaintiff Julio Hernandez, On Behalf Of Himself and all Others Similarly Situated* |
| Roger R. Carter<br>**THE CARTER LAW FIRM**<br>23 Corporate Plaza Drive, Suite 150<br>Newport Beach, California 92660<br>Telephone: (949) 629-2565<br>Facsimile: (949) 629-2501 | *Attorneys for Plaintiff Julio Hernandez, On Behalf Of Himself and all Others Similarly Situated* |
| Marc H. Phelps<br>**PHELPS LAW GROUP**<br>23 Corporate Plaza Drive, Suite 150<br>Newport Beach, California 92660<br>Telephone: (949) 629-2533<br>Facsimile: (949) 629-2501 | *Attorneys for Plaintiff Julio Hernandez, On Behalf Of Himself and all Others Similarly Situated* |
| Graham S.P. Hollis<br>Nicole R. Roysdon<br>**GRAHAMHOLLIS, APC**<br>3555 Fifth Avenue<br>San Diego, California 92103<br>Telephone: (619) 692-0800<br>Facsimile: (619) 692-0822 | *Attorneys for Plaintiff Nancy Castellano* |